FEDERAL DEPOSIT INSURANCE COR-PORATION, in its Corporate Capacity and as Receiver of Franklin National Bank, Plaintiff,

Jon Brown and Public Interest Research Group, Plaintiffs-Intervenors-Appellants,

v.

ERNST & ERNST, Defendant-Appellee.

No. 1008, Docket 81–7917.

United States Court of Appeals, Second Circuit.

Argued April 16, 1982.

Decided April 20, 1982.

Cornish F. Hitchcock, Washington, D. C. (Alan B. Morrison, Public Citizen Litigation Group, Washington, D. C., of counsel), for plaintiffs-intervenors-appellants.

Daniel F. Kolb, New York City (Paul R. Koepff, Karen E. Wagner, Davis Polk & Wardwell, New York City, of counsel), for defendant-appellee.

Before KAUFMAN and VAN GRAA-FEILAND, Circuit Judges, and LOWE, District Judge.*

PER CURIAM:

This is an appeal from Judge Weinstein's order denying the motion of Jon Brown and the Public Interest Research Group ("PIRG") to modify a stipulation and order requiring, *inter alia*, confidentiality of the terms of the settlement reached between the Federal Deposit Insurance Corporation ("FDIC") and Ernst & Ernst, an accounting firm.[1] Since we agree that the standards of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1976), do not govern the district court's protective order, we affirm essentially for the reasons stated

in Judge Weinstein's thorough opinion. Because of the novel nature of appellants' claim, however, we believe it useful to emphasize a few points.

A brief review of the litigation underlying this appeal will serve to place appellants' claim in context. In 1974, the Franklin National Bank, one of the nation's largest banking institutions, was declared insolvent, and the FDIC was appointed as a receiver. To recover the funds it had paid to the Franklin National Bank's depositors pursuant to its statutory obligation to insure accounts in national banks, the FDIC instituted actions against a multitude of parties, including the bank's accountants, one of whom was Ernst & Ernst. The litigation was protracted. During the five years after Franklin National Bank's failure, millions of documents were collected; more than a hundred thousand pages of depositions were taken, and millions of dollars in legal fees were incurred. On the first day of what promised to be a lengthy trial, FDIC and Ernst & Ernst were able to reach a settlement provided, as Ernst & Ernst insisted, that there would be a court order ensuring the confidentiality of the terms of the settlement. Judge Weinstein determined that secrecy was in the best interests not only of the parties involved but also the public and signed the order, retaining jurisdiction.

A year later, Jon Brown, a PIRG staff attorney, and PIRG, a non-profit consumer organization, asked the FDIC to disclose the terms of the settlement pursuant to the FOIA. The FDIC denied the request on the ground that the protective order prohibited disclosure. Brown and PIRG, two years after the settlement had been reached, commenced proceedings before

---

* Of the United States District Court for the Eastern District of New York, sitting by designation.

1. Paragraph 8 of the stipulation and order of dismissal provides:

The parties and their counsel in this proceeding and the other actions consolidated in MDL # 196 are not to disclose the terms of the settlement herein kept confidential by the Court, provided, however, that Ernst & Ernst at its sole option (upon due notice to the Federal Deposit Insurance Corporation ("FDIC"), the Trustees and the Court) may disclose the terms, in which event the FDIC and the Trustee may also disclose the terms. This paragraph is entered into for the convenience of the parties, and at the specific request of the parties, the Court shall retain continuing jurisdiction with respect to this paragraph.

Judge Weinstein to modify the confidentiality order. Their motion to intervene was granted pursuant to Federal Rules of Civil Procedure, Rule 24(b), but the request for modification was denied.

 It is beyond question that a court may issue orders prohibiting disclosure of documents or information. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). Once a confidentiality order has been entered and relied upon, it can only be modified if an "extraordinary circumstance" or "compelling need" warrants the requested modification. *See Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d 291, 296 (2d Cir. 1979). To elude the proper result reached by the district court, however, appellants assert an intriguing theory: a court's order to a federal agency to withhold records from the public is restricted solely to the reasons for withholding deemed permissible in the FOIA.

 The purpose of the FOIA was to correct improper denials of requests for public information by various federal agencies, not by courts. See H.R.Rep.No. 1497, 89th Cong., 2d Sess. (1966), *reprinted in* [1966] U.S.Code Cong. & Ad.News 2418, 2422. Nothing in the legislative history of the FOIA suggests that Congress intended the FOIA to apply to courts or to confidentiality orders issued in an action in which a federal agency is a party. Indeed, Congress considered the courts as the appropriate forum for protecting the public's rights to information through judicial review of denials of requests to release materials. *See GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.*, 445 U.S. 375, 387, 100 S.Ct. 1194, 1201, 63 L.Ed.2d 467 (1980). Given the thrust of the FOIA's statutory goal, it is clear that the FOIA does not apply to a court's order directing an agency not to reveal the terms of an agreement crucial to the settlement of an action. Moreover, the agency's decision not to disclose in the instant case could not be arbitrary, because the district court had already reviewed the issue of disclosure in connection with the issuance of the confidentiality order.

Accordingly, we affirm the order of the district court.